# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY CLARK, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-10-0026 |
| v. : | |
| : | (Judge Caputo) |
| LT. J. FLEMING, *et al.*, : | |
| : | |
| Defendants : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

In his Complaint, Jeffrey Clark, an inmate at the Lewisburg United States Penitentiary (USP-Lewisburg), in Lewisburg, Pennsylvania, claim he was assaulted by various Bureau of Prisons (BOP) staff members on June 25, 2009. (Doc. 1, Compl.) After the assault, defendants denied him medical treatment and placed him in four point restraints. Four days later when seen my medical staff, it was learned that Mr. Clark's arm was broken. *Id*.

Presently before the Court is Mr. Clark's Motion for Appointment of Counsel (doc. 8). Plaintiff requests counsel on the basis that: he is housed in USP-Lewisburg's Special Management Unit (SMU); has only limited access to the law library which he considers inadequate; is inability to comprehend "the legalities of litigation;" needs an expert in this matter a "(bone doctor)"; and that he "has been harassed by USP Lewisburg's employees as a result of this action and other filings." *Id*. For the reasons that follow, Mr. Clark's motion will be denied.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, it is within the court's discretion pursuant to 28 U.S.C. § 1915(e)(1) to seek representation for a plaintiff. This effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The threshold issue is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

If this threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

Additionally, post-*Tabron*, the Third Circuit has directed district courts to examine two additional factors when considering an indigent party's request for counsel. These factors are: 1) "[t]he Court's willingness to aid the indigent party in

presenting his or her case . . . and 2) [t]he supply of attorneys willing to take § 1915(e) requests in the geographic area of the litigation." *Gordon v. Gonzalez*, 232 Fed. Appx. 153, n.4 (3d Cir. 2007). As to the first factor, a district court can appoint counsel "at any point in the litigation" and may do so *sua sponte, Tabron*, 6 F.3d at 156, and that any concern over a plaintiff's inexperience as a litigant is unnecessary as his *pro se* pleadings are given a liberal construction by the court. Thus, it is clear that district courts are instructed to grant *pro se* litigants reasonable consideration and latitude when presenting their case. As to the second factor, the scarcity of available counsel is a very real consideration as to if, and when, the appointment of counsel in a case can be accomplished by the district court as "courts have no authority to compel counsel to represent an indigent civil litigant." *Tabron*, 6 F.3d at 157 n.6. The Third Circuit has cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments:

> We also emphasize that volunteer lawyer time is extremely valuable. Hence district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

*Id*. at 157.

Given these factors, and the very early procedural posture of this case, Mr. Clark's motion fails to set forth sufficient circumstances to warrant appointment of

-3-

counsel. Mr. Clark filed his Complaint on January 6, 2010. On January 12, 2010, the Court issued service of the Complaint on the named defendants. Clearly, without the receipt of a response from the defendants, the Court is unable to sufficiently determine the possible merit of Mr. Clark's case to the point we are comfortable appointing the precious commodity of court appointed counsel at this time. Furthermore, although Mr. Clark is dissatisfied with his access to the SMU law library, which he claims is inadequate, he does not suggest how this alleged inadequacy has hampered his ability to proceed in this matter. Additionally, we find that his position is not dissimilar to that of other SMU *pro se* inmate litigants. Confinement in the SMU does not in itself meet the threshold requirement for the appointment of counsel. Mr. Clark thus far has demonstrated an ability to present his claims and there is no evidence, at this point, that prejudice will result in the absence of counsel, especially when the defendants have only recently been served with the Complaint and have yet to respond to it.

Thus, Mr. Clark's request for counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Mr. Clark.

**ACCORDINGLY, THIS  26th   DAY OF JANUARY, 2010, IT IS HEREBY ORDERED THAT** Mr. Clark's Motion for Counsel (doc. 8) is denied without prejudice.

          **/s/ A. Richard Caputo**  
          **A. RICHARD CAPUTO**  
          **United States District Judge**