DCP:MAS:jmh

**FILED**
HARRISBURG, PA

MAY 2 6 2010

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY S. CLARK,** | : | **NO. 3:CV-10-0026** |
| **Plaintiff** | : | |
| | : | **(Caputo, J.)** |
| **v.** | : | |
| | : | |
| **LT. J. FLEMING, et al.** | : | |
| **Defendants** | : | **Filed Electronically** |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION
### TO DISMISS AND FOR SUMMARY JUDGMENT

DENNIS C. PFANNENSCHMIDT
United States Attorney

Date: May 26, 2010

s/ Melissa A. Swauger
MELISSA A. SWAUGER
Assistant U.S. Attorney
Attorney I.D. No. PA82382
JOANNE M. HOFFMAN
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA  17108-1754
Phone: (717) 221-4482
Facsimile: (717) 221-2246

# TABLE OF CONTENTS

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    A.   Clark's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    B.   Defendants Statement of Material Facts . . . . . . . . . . . . . . . . . . . . . . 4

Questions Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    I.    Sovereign Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        A.   Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        B.   Defendants sued in Official Capacity are entitled to Sovereign
           Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    II.   Respondeat Superior / Personal Involvement . . . . . . . . . . . . . . . . 11
        A.   Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        B.   Personal Involvement . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        C.   Respondeat Superior . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    III.  Failure to Sufficiently plead conspiracy claim . . . . . . . . . . . . . . . . 17

    IV.  No material facts at issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        A.   Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        B.   Eighth Amendment Excessive Force Claim . . . . . . . . . . . . . 21
        C.   Deliberate Indifference to a Medical Need . . . . . . . . . . . . . 25
        D.   Qualified Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

# TABLE OF AUTHORITIES

## FEDERAL CASES

Abdul-Akbar v. Watson,
    4 F.3d 195 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Anderson v. Creighton,
    483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Arizonans For Official English v. Arizona,
    520 U.S. 43 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 16, 17, 19

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics,
    403 U.S. 388 (U.S. 1971) . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 6, 7, 8, 10

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Chinchello v. Fenton,
    805 F.2d 126 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Colburn v. Upper Darby Township,
    838 F.2d 663 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Corestates Trust Fee Litig.,
    837 F. Supp. 104 (E.D. Pa. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Durmer v. O'Carroll,
     991 F.2d 64 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Estelle v. Gamble,
     429 U.S. 97 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

FDIC v. Meyer,
     510 U.S. 471 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Farmer v. Brennan,
     511 U.S. 825 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Flanagan v. Shively,
     783 F. Supp. 922 (M.D. Pa. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 18

Forbes v. Reno,
     893 F. Supp. 476 (W.D. Pa. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fowler v. UPMC Shadyside,
     578 F.3d 203 (3d Cir. 2009)(citations omitted) . . . . . . . . . . . . . . . . . . . . 13

Gould Elecs. Inc. v. United States,
     220 F.3d 169 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Harlow v. Fitzgerald,
     457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Howell v. Cataldi,
     464 F.2d 272 (3d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Hudson v. McMillian,
     503 U.S. 1 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

Hunter v. Bryant,
     502 U.S. 224 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Johnson v. Glick,

481 F.2d 1028 (2d Cir. 1973), cert. denied, 414 U.S. 1033 (1973) . . . . . . . 23

Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,
    20 F.3d 1250 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kalmanovitz v. G. Heileman Brewing Co., Inc.,
    595 F. Supp. 1385 (D. Del. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Kentucky v. Graham,
    473 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Little v. Lycoming County,
    912 F. Supp. 809 (M.D. Pa.), aff'd,101 F.3d 691 (3d Cir. 1996) . . . . . . . . 27

Loeffler v. Frank,
    486 U.S. 549 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Malley v. Briggs,
    475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Monmouth County Corr. Inst. Inmates,
    834 F.2d at 346-47 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Packard v. Provident Nat'l Bank,
    994 F.2d 1039 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pearson v. Callahan,
    129 S. Ct. 809 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Rhodes v. Chapman,
    452 U.S. 337 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Rizzo v. Goode,
    423 U.S. 362 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rode v. Dellarciprete,
    845 F.2d 1195 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Rouse v. Plantier,
        182 F.3d 192 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Safeguard Mutual Ins. Co. v. Miller,
        477 F. Supp. 299 (E.D. Pa. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Saucier v. Katz,
        533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28, 29, 30, 32

Siegart v. Gilley,
        500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Steel City Co. v. Citizens For Better Env't,
        523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sutton v. Rasheed,
        323 F.3d 236 (3d Cir. 2003)(a 42 U.S.C. § 1983 case) . . . . . . . . . . . . 15, 21

United States v. Testan,
        424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

West v. Atkins,
        487 U.S. 42 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

White v. Napoleon,
        897 F.2d 103 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Whitley v. Albers,
        475 U.S. 312 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24, 25, 27

Wilkerson v. New Media Tech. Charter Sch. Inc.,
        522 F.3d 315 (3d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Williamson v. United States Dep't of Agric.,
        815 F.2d 368 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Wilson v. Layne,
    526 U.S. 603 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Wilson v. Seiter,
    501 U.S. 294 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Young v. Kann,
    926 F.2d 1396 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## FEDERAL STATUTES

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 C.F.R. § 1915(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# I. Introduction

Plaintiff, Jeffrey Clark, an inmate currently incarcerated at the United States Penitentiary, in Lewisburg, Pennsylvania (USP Lewisburg), filed this <u>Bivens</u>[1] action alleging Eighth Amendment violations against the following 16 Defendants: Lieutenants Fleming, Stewart, Galletta, and Fosnot; Officers Kulago and Carpenter; Unit Team Counselor Lentini; Unit Team Managers Hendrickson and Brewer; Deputy Captain Snider; Former Captain Passaniti; Associate Warden Rear; Former Associate Warden Maiorana; Warden Bledsoe; Bureau of Prisons' (BOP) Former Northeast Regional Director D. Scott Dodrill; and BOP director Harley Lappin. Specifically, Clark alleges that on June 25, 2009, Defendant Kulago used excessive force while escorting him to a holding cell by breaking his arm and Defendant Fleming failed to protect him from this alleged assault. Complaint (Doc. 1) at 2(a)-2(b). Additionally, Clark alleges that Defendant Galletta denied him medical treatment for his broken arm until June 29, 2009. <u>Id.</u> 2(b). However, the undisputed record establishes that Clark admitted on camera he broke his arm on June 25, 2009, while assaulting his cell mate, Joe M. Toney, Jr., and he was immediately treated for his injuries after he assaulted Toney.

---

[1] <u>Bivens v. Six Unnamed Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (U.S. 1971).

Defendants' motion to dismiss should be granted because to the extent Clark has sued the Defendants in their official capacity, they are entitled to sovereign immunity. Additionally, Clark failed to state any allegations against a majority of the Defendants and respondeat superior cannot form the basis of a <u>Bivens</u> claim. Finally, to the extent Clark has alleged a conspiracy claim, such claim fails because he failed to demonstrate an entitlement to relief.

Defendants' motion for summary judgment should be granted because the undisputed record establishes that Defendants Carpenter, Kulago, Fleming, and Galletta did not use excessive force nor were they deliberately indifferent to a serious medical need; therefore, they are entitled to judgment as a matter of law. Alternatively, Defendants are entitled to qualified immunity.

## II. Procedural History

Clark filed this <u>Bivens</u> action on January 6, 2010. By January 12, 2010 Order, this Court directed service of the complaint.  On January 25, 2010, Clark filed a motion to appoint counsel which was denied on January 26, 2010.  On January 27, 2010, the individual Defendants were served, and the United States Attorney's Office was served January 29, 2010.

On March 11, 2010, Clark filed a motion for temporary restraining order, but failed to file a supporting brief.  On March 24, 2010, Clark also filed a request for

production of documents, but this document was never properly served on Defendants.

On March 30, 2010, Defendants filed an enlargement request which was granted on April 1, 2010, rendering Defendants' response due by April 30, 2010. On April 2, 2010, Clark filed a declaration for entry of default. On April 20, 2010, Defendants filed a motion to seal with a supporting brief and a sealing statement, which was denied by May 3, 2010 Court Order. On April 30, 2010, Defendants filed a motion to dismiss and for summary judgment.

On May 3, 2010, Clark filed a brief in opposition to Defendants request for enlargement of time.

On May 13, 2010, Defendants filed a motion for protective order and a motion to exceed page limitation with a supporting brief. Defendants also filed a motion for extension of time to file their brief in support of their dispositive motion and statement of material facts.

On May 19, 2010, the Court issued an Order denying Defendants' motion for protective order, and granting Defendants' motions to exceed page limitation and for extension of time to file supporting brief. Defendants submit this brief in support of their dispositive motion. A statement of material facts has been filed contemporaneously herewith.

### III.  Factual Background

**A.    Clark's allegations**

In his complaint, Clark alleges that on June 25, 2009, Defendant Carpenter advised him he had to move to the G-block and be housed with inmate Toney. Complaint (Doc. 1) at 2(a). Clark contends he did not want to be housed with Toney because he did not know him and requested to be housed with another inmate he knew.  Id.  Clark further contends Defendant Carpenter directed him to move to the new cell or he would be disciplined.  Id.

Additionally, Clark alleges Defendant Kulago used excessive force while escorting him to a holding cell by breaking his arm and Defendant Fleming failed to protect him from this alleged assault.  Id.  2(a)-2(b).   Clark further alleges that Defendant Galletta denied him medical treatment for his broken arm until June 29, 2009.  Id.  2(b).

**B.    Defendants' statement of material facts**

Defendants have set forth the undisputed material facts in their statement of material facts (SMF) and refer the Court to that document, with its citations to the record, for a thorough statement of the facts. Nevertheless, Defendants summarize the pertinent facts here.

On June 25, 2009, Defendants Carpenter and Kulago escorted Clark to a new

cell, cell 324 in G-block housing unit, which is where inmate Toney was housed. Defendants' SMF ¶ 3. Defendant Carpenter did not independently determine where each inmate would move that day; rather, he merely escorted the inmates to their newly assigned area.  Id. ¶ 2.  Additionally, there were no separation concerns between Clark and Toney.  Id. ¶ 4.

Clark, like all inmates being escorted within the segregated housing unit, was placed in hand restraints with his hands behind his back as he was escorted.  Id. ¶ 6. Per normal practice, whenever an inmate is placed into a cell with another inmate, the inmate in the cell is also placed in hand restraints.  Id. ¶ 7.  Defendant Carpenter opened the cell door and Clark entered the cell.  Id. ¶ 8.  After the door was secured, the other staff began to walk down the range away from the cell.  Id. ¶ 9.

When both inmates were secured inside cell 324, Defendant Carpenter first removed the hand restraints from Clark.  Id. ¶ 10.   Defendant Carpenter ordered Clark to come to the cell door and place his hands in the "wicket" so that his restraints could be removed.  Id. ¶ 11.  Each cell door only has one "wicket", and Defendant Carpenter could only remove one inmate's restraints at a time.  Id. ¶ 12.  A wicket is used for the purpose of placing and removing hand restraints on an inmate without the need to open the cell door.  Id. ¶ 14.

Once Clark's restraints were removed, Defendant Carpenter ordered Toney to

5

come to the cell door to remove his handcuffs and as Toney offered his hands to be uncuffed, Clark produced a weapon and began stabbing him in the back with a weapon. Id. ¶ 16. Clark was also punching him in the head. Id. ¶ 17. Defendant Carpenter immediately called for assistance and ordered the inmates to stop. Id. ¶ 18.

Staff immediately responded to the scene and also placed a call for assistance over the radio. Id. ¶19. Ignoring the orders to cease assaulting Toney, Clark continued to stab Toney. Id. ¶ 20.

Defendant Carpenter once again ordered Clark to stop and submit to hand restraints and Clark responded by walking to the toilet and flushing a weapon. Id. ¶ 21. The weapon appeared to be approximately 4" to 5" in length. Id. ¶ 22. Clark then came to the cell door and submitted to hand restraints. Id. ¶ 23.

Prior to placing Clark into the cell, there was no indication that Clark posed a risk to Toney.[2] Id. ¶ 24. Neither inmate had a history of posing a threat to the other. Id. ¶ 25.

Once additional staff and a lieutenant arrived at the cell, both inmates were removed from the cell. Id. ¶ 26. Toney was immediately taken to Health Services for

---

[2] Defendants note that Toney filed a lawsuit in the United States District Court for the Middle District of Pennsylvania, docketed to number 4:09-cv-1412, alleging failure to protect for the injuries he received when Clark attacked him. Defendants further note that this case was closed on January 29, 2010, when the Court granted Defendants' Motion for Summary Judgment.

an evaluation. Id. ¶ 27.

Clark was escorted to a G-Block holding cell by Lieutenants Fleming and Galletta and Senior Officer Kulago. Id. ¶ 28. While accompanying Defendants Fleming and Kulago, Defendant Galletta did not observe any threats or abusive behavior directed at Clark.  Id. ¶ 29.  After arriving at the holding cell, Clark was medically assessed.  Id. ¶ 30.

As part of the medical assessment, Clark reported "right arm pain." Id. ¶ 31. The Health Services staff member noted "[d]oes not complain of injuries from calculated use of force but states that his right arm hurts from incident earlier this morning." Id. ¶ 32.

On June 25, 2009, Clark continued to be disruptive; therefore, a use of force team was assembled to move Clark to the I-block. Id. ¶¶ 34-36. During this move and on film, Clark admitted that he injured his right arm during an altercation with his cell mate, Toney. Id. ¶¶ 37-39.

Clark was medically evaluated several times on June 25, 2009. Id. ¶¶ 31-32, 37-39. On one occasion that day, however, he refused medical treatment. Id. ¶ 41.

On June 29, 2009, radiographs were taken of Clark's arm, which revealed a closed fracture of the distal end of this ulna. Id. ¶ 42. Medical staff noted his right arm was fractured during the altercation with Toney, put his arm in a splint, provided

7

him with pain medication, and counseled him on the importance of maintaining the immobilization of his arm.  Id. ¶¶ 43-44.

On June 30, 2009, after Clark broke the sprinkler head in his cell, he removed his splint.  Id. ¶¶ 45-47.  Clark was medically evaluated on several occasions that day. Id. ¶¶ 47-54.

On July 2, 2009, Clark removed and destroyed his splint; therefore, another splint was reapplied.  Id. ¶ 55.

## IV.  Questions Presented

I.      Should this Court dismiss Defendants in their official capacity because they are entitled to sovereign immunity?

II.     Should Clark's complaint be dismissed against Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, Lentini, and Stuart for failure to allege any personal involvement and respondeat superior cannot form the basis of a Bivens claim?

III.    Should Clark's conspiracy claim be dismissed for failure to state a claim?

IV.     Should summary judgment be granted in Defendants' favor because the undisputed record establishes that there is no material fact in dispute with regard to Clark's claims for use of excessive force and deliberate indifference to a serious medical need and Defendants are entitled to judgment as a matter of law?

V.      Alternatively, are Defendants entitled to qualified immunity.

**Suggested Answers:** Affirmative.

# V. Argument

I. **Sovereign immunity bars the Court's subject matter jurisdiction over Clark's alleged claims against the Defendants in their official capacity.**

### A. **Legal standard.**

When ruling on a Rule 12(b)(1) motion a court may treat the motion as a factual challenge, which does not require a court to accept the allegations of a complaint as true.  Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  The court may weigh any evidence to satisfy itself that it does or does not have subject matter jurisdiction, but it cannot consider the merits of an action until it is satisfied that the dispute falls within the class of cases or controversies to which Article III, Section 2 of the United States Constitution has extended the judicial power of the United States.  Steel City Co. v. Citizens For Better Env't, 523 U.S. 83, 102 (1998).

A plaintiff bears the burden of establishing that the district court has subject matter jurisdiction over the claims raised in the complaint.  See Packard v. Provident Nat'l Bank, 994 F. 2d 1039, 1045 (3d Cir. 1993).  A court that is without proper jurisdiction cannot proceed at all and must dismiss the suit.  See Arizonans For Official English v. Arizona, 520 U.S. 43 (1997).

When a motion under Rule 12 is based on more than one ground, the court

should consider the subject matter jurisdiction challenges first, "because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993).

**B.    To the extent the Defendants are being sued in their official capacities, they are entitled to sovereign immunity.**

From reviewing Clark's complaint, it is unclear whether he is suing the Defendants in their official capacity. See Complaint (Doc. 1).  To the extent the Defendants are being sued in their official capacity, this Court should dismiss Clark's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court implied a cause of action for damages against federal employees, *as individuals*, for the violation of constitutional rights.  A suit against a federal employee in his or her official capacity is essentially a suit against the United States. Kentucky v. Graham, 473 U.S. 159, 167 (1985).  The doctrine of sovereign immunity is "inherent in our constitutional structure" and renders the United States of America, its departments, and officials immune from suit except where the United States has consented to be sued. Williamson v. United States Dep't

10

of Agric., 815 F.2d 368, 373 (5th Cir. 1987); see FDIC v. Meyer, 510 U.S. 471, 475

(1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988)).

The doctrine of sovereign immunity extends to individual officers sued in their

official capacity because an official capacity suit is "only another way of pleading an

action against an entity of which an officer is an agent." Forbes v. Reno, 893 F.

Supp. 476 (W.D. Pa. 1995) (quoting Kentucky, 473 U.S. at 165).   Thus, absent an

express congressional waiver of sovereign immunity, the United States cannot be

sued.  United States v. Testan, 424 U.S. 392, 399 (1976).   Accordingly, this Court

lacks subject matter jurisdiction over any alleged constitutional claim against the

Defendants in their official capacities and such claims should be dismissed pursuant

to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

II.   **Clark's complaint should be dismissed against Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, Lentini, and Stuart for failure to allege any personal involvement and respondeat superior cannot form the basis of a Bivens claim.**

A.   **Legal Standard.**

Pursuant to Rule 12(b)(6), a complaint should be dismissed for "failure to state

a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   In considering

a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in

Clark's complaint and all reasonable inferences that can be drawn therefrom are to

11

be construed in the light most favorable to Clark. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).

As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a plaintiff is required to provide the grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.; see Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321-322 (3d Cir. 2008)(finding Twombly applies "to analyzing the adequacy of claims of employment discrimination."). Twombly applies to all civil cases. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).

Recently, the Supreme Court opined that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'. . . . Where a complaint pleads facts that are 'merely consistent with' the defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. at 1949 (quoting Twombly, 550 U.S. at 557). In extending Twombly, the Supreme Court instructed that plaintiff's allegations must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusations." Id.

The Supreme Court further opined that when considering a motion to dismiss,

12

a court should "begin by identifying pleadings that, because they are no more than conclusions, [they] are not entitled to the assumption of truth." Id. at 1950. Next, a court "should assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief." Id.

The Third Circuit has directed district courts to conduct a two part analysis when considering a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief. . . ." A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(citations omitted).

Therefore, "simple notice pleading" is no longer acceptable and Clark is required to plead "more than the possibility of relief to survive a motion to dismiss." Id. at 210 (citing Iqbal, 129 S. Ct. at 1955)). The Third Circuit has recognized that Iqbal provided the "final nail-in-the-coffin" for the "no set of facts" standard that previously applied to federal complaints. Fowler, 578 F.3d at 210. Indeed, Clark's bald conclusions are no longer sufficient to survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

13

**B.**   **Clark fails to allege any personal involvement by Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, Lentini, and Stuart.**

Clark has failed to state any allegations in his complaint against Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider,[3] Fosnot, Brewer, Hendrickson, Lentini, and Stuart. See Complaint (Doc. 1). These Defendants are merely named as Defendants in the complaint, but are not mentioned in the statement of claim, which consists of three pages of single-spaced allegations. To establish liability under Bivens, a plaintiff must demonstrate that the alleged deprivation of federal rights was committed by a person acting under the color of law. West v. Atkins, 487 U.S. 42, 48-49 (1988) (concerning 42 U.S.C. § 1983, but the same rule applies in Bivens actions). The plaintiff must allege specific actions committed by each defendant which violated his constitutional rights in order to state a claim against the defendant. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988); Flanagan v. Shively, 783 F. Supp. 922 (M.D. Pa. 1992).

A prerequisite to establishing this liability is the personal involvement of the defendant in the alleged deprivation. Personal involvement or some affirmative action on the part of a defendant is necessary before he or she may be found liable for

---

[3] Defendant Snider was not assigned to USP Lewisburg until November 22, 2009, almost five months after the alleged June 25, 2009 incident.

a civil rights violation.  See Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(a

42 U.S.C. § 1983 case); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)

(noting that allegations of personal involvement must be made with particularity).

A supervising public official has [no] affirmative constitutional duty to supervise and

discipline so as to prevent violations of constitutional rights by his or her

subordinates.  See Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986)(citing

Rizzo v. Goode, 423 U.S. 362 (1976).

Personal involvement can be established through allegations of either personal

direction or actual knowledge and acquiescence; however, such allegations must be

made with particularity.  Rode, 845 F.2d at 1207.  Each named defendant must be

shown, through the complaint's allegations, to have been personally involved in the

events or occurrences upon which Plaintiff's claims are based.  Id.

Because Clark's complaint is devoid of any allegations against the

aforementioned Defendants, they must be dismissed from this case.

With regard to Defendant Stuart, Clark merely states, "Lt. Stewart (sic) took

pictures of my swolen (sic) right arm from my wrist bone on up to near my elbow."

Complaint (Doc. 1) at 2(b).  Taking this allegation in a light most favorable to Clark,

does not demonstrate how Defendant Stuart violated Clark's Eighth Amendment

rights.  To the contrary, it shows Defendant Stuart properly documenting Clark's

injury. Because Clark's only reference to Defendant Stuart fails to state any allegations to establish a deliberate indifference to his medical needs, Clark has failed to state a claim against Defendant Stuart and he should be dismissed from this case as well.   Accordingly, Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, Lentini, and Stuart cannot be held liable for a constitutional violation due to the lack of their personal involvement in Clark's claims.

### C.   <u>Respondeat Superior cannot form the basis of a *Bivens* action.</u>

Clark's claims should also be dismissed to the extent that Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, Lentini, and Stuart are sued as supervisors because the Supreme Court eliminated the theory of supervisor liability from <u>Bivens</u> suits, opining that supervisors "may not be held accountable for the misdeeds of their agents." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

Here, Clark merely alleges "other supervisory defendants et al, did become aware and participated in the cover-up and false investigations regards (sic) to this incident." Complaint (Doc. 1) at 2(b). Also, he alleges "by not adequately supervise their subordinates for their actions! Why? Thereby, making themselves liable in this action against them." <u>Id.</u> It is clear from Clark's complaint that he is only attempting

to hold Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, Lentini, and Stuart liable as potential supervisors of their respective institutions or departments since each of these Defendants is or was at one time a warden, associate warden, captain, or manager.

However, the Supreme Court has recently rejected the argument that "a supervisor's mere knowledge of his subordinate's [conduct] amounts to the supervisor's violating the Constitution." Iqbal, 129 S. Ct. at 1949. Additionally, the Supreme Court held that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. Because Clark has failed to allege how Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, Lentini, and Stuart, by their own conduct, violated his Eighth Amendment rights, they should be dismissed from the complaint because respondeat superior does not provide a basis for in his claims.

### III.   Clark has failed to plead sufficient facts to suggest he is entitled to any relief with regard to his conspiracy claim.

It appears Clark may be stating a conspiracy claim because he alleged that the Defendants "participated in a cover-up" and Defendant Carpenter conducted a routine cell move in a "conspiring attempt" to harass him.  Complaint (Doc. 1) at 2(a)-(b). However, such allegations are not sufficient to establish a right to relief.

17

In <u>Flanagan v. Shively</u>, 783 F. Supp. 922 (M.D. Pa.), <u>aff'd</u> 980 F.2d 722 (3d Cir. 1992), the Court sets forth what is required from a plaintiff who alleges a conspiracy:

> The plaintiff's allegations must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out these objectives. Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred.

<u>Id.</u> at 928.

Here, Clark's complaint is devoid of facts bearing out the existence of a conspiracy and the role either Defendant Carpenter or any other Defendant took to carry out the alleged conspiracy. <u>See</u> Complaint (Doc. 1). "A complaint cannot survive a motion to dismiss if it contains only conclusory allegations of conspiracy, but does not support those allegations with averments of the underlying material facts." <u>Flanagan</u>, 783 F.Supp. at 929 (citations omitted). The lack of facts is fatal to Clark's conspiracy claim.

Additionally, the Third Circuit has found that a conspiracy claim must be stated with specificity and may not be based merely upon suspicion and speculation: "[i]t is a longstanding rule in the Third Circuit that a mere general allegation . . . [or]

18

averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." See Young v. Kann, 926 F.2d 1396, 1405, n. 16 (3d Cir. 1991)(citing Kalmanovitz v. G. Heileman Brewing Co., Inc., 595 F. Supp. 1385, 1400 (D. Del. 1984). The pleading document must contain "'allegations of a combination, agreement or understanding among all or between any of the defendants,'" and "'factual allegations that the defendants plotted, planned, or conspired together to carry out the chain of events.'" Safeguard Mutual Ins. Co. v. Miller, 477 F. Supp. 299, 304 (E.D. Pa. 1979)(quoting Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974)).

Clark failed to state any factual allegations of an agreement among or between any of the Defendants. See Complaint (Doc. 1). Likewise, Clark failed to state any factual allegations that the Defendants conspired together to carry out some chain of events. Id. Taking Clark's allegations in the light most favorable to him, his conspiracy claim is legally deficient and should be dismissed. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (instructing plaintiff's allegations must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusations.").

**IV.  The undisputed record establishes that there are no material facts in dispute with regard to Clark's excessive force and deliberate indifference to a serious medical need claims and Defendants are entitled to judgment as a matter of law.**

### A.   Legal Standard.

The award of summary judgment to a party is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In Celotex, the Court held that "Rule 56(e) ... requires that the non-moving party go beyond the pleadings by [his] own affidavits, or by 'depositions, answers to interrogatories and admissions on file,' [and] designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. Additionally, an opposing party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex, 477 U.S. at 325. For the purpose of summary judgment, then, the Court should consider only those material facts about which there is no genuine dispute.

**.B.**     **Clark's Eighth Amendment excessive force claim fails.**

    **1.**     **Defendant Carpenter is entitled to summary judgment as the undisputed record establishes he had no personal involvement in Clark's cell assignment and was unaware Clark would attack Toney; thus, Defendant Carpenter is entitled to judgment as a matter of law.**

Defendant Carpenter is entitled to summary judgment because the undisputed record demonstrates that he did not have any personal involvement in Clark's cell assignment. Additionally, there is no evidence that Defendant Carpenter subjected Clark to a substantial risk of serious harm in violation of the Eighth Amendment.

Clark alleges "for no legitimate or penological reason, and in direct disregard for my safety and health, Officer Mr. Carpenter advised me that I was being moved upstairs in G-Block of the SMU program with another unknown prisoner in a conspiring attempt to only harass me." Complaint (Doc. 1) at 2(a). The undisputed record shows Defendant Carpenter did not decide which cell Clark would be moved to on June 25, 2009. Defendants' SMF ¶ 2. Rather, Defendant Carpenter merely assisted in moving the inmates to their newly assigned cell. Id. Clark has not and cannot produce any evidence that Defendant Carpenter was responsible for housing Clark with Toney in cell 324. As previously discussed, a defendant cannot be held personally liable for a constitutional violation when they had no involvement with the alleged violation. See Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003).

21

Therefore, Defendant Carpenter has no personal involvement in Clark's cell assignment.

Moreover, there is no evidence Clark was incarcerated under conditions posing a substantial risk of serious harm. There is nothing inherently dangerous about requiring inmates to have cell mates. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981)(holding double celling does not per se amount to Eighth Amendment violation).

Further, the record is devoid of any evidence that Defendant Carpenter was aware Clark would attack Toney or had the "sufficiently culpable state of mind" required by the Eighth Amendment. Clark alleges "I don't know inmate Tony, (sic) and I would prefer to be in the cell with somebody that I knew and will be alright with. Then, I requested to be in the cell with inmate Mims #13376-014, because I knew him." Complaint (Doc. 1) at 2(a). Clark does not allege he had any protection concerns with Toney or Defendant Carpenter was aware that he would attack Toney. Moreover, the record demonstrates Clark had no separation concerns with inmate Toney. Defendants SMF ¶ 4. Prior to placing Clark into the cell, there was no indication that Clark posed a risk to Toney. Id. ¶ 24. Neither inmate had a history of posing a threat to the other. Id. ¶ 25. Accordingly, the undisputed record establishes that Defendant Carpenter did not violate Clark's Eighth Amendment rights.

2.    **Clark's excessive force claim against Defendants Fleming, Kulago, and Galletta fails since Clark admits that his arm was broken in the course of an altercation with his cell mate and not by any of these Defendants.**

In <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992), the Supreme Court held that "whenever prison officials stand accused of using excessive physical force ... the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 6-7.  In reaching this conclusion, the Court specifically rejected a "deliberate indifference" standard for judging claims of excessive use of force, finding that standard inappropriate when corrections officials must make decisions "in haste, under pressure, and frequently without the luxury of a second chance." <u>Id.</u> at 6 (quoting <u>Whitley v. Albers</u>, 475 U.S. 312 (1986)).

Consistent with this standard, not all tortious conduct which occurs in prison rises to the level of an Eighth Amendment violation. See <u>Howell v. Cataldi</u>, 464 F.2d 272, 277 (3d Cir. 1972).  "Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates a prisoner's constitutional rights." <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973), cert. denied, 414 U.S. 1033 (1973).  Indeed, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimus uses of

physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " Hudson, 503 U.S. at 9-10 (quoting Whitley v. Albers, 475 U.S. at 327).

In this case, however, it is not a situation where Defendants Fleming, Kulago, and Galletta find themselves in a position to justify a use of force which resulted in an injury to Clark.  Rather, this is a situation where Clark committed a serious assault on his cell mate, Toney, and admitted moments later when he was medically evaluated on camera that he sustained the injury at issue (broken arm) while assaulting his cell mate, Toney. Defendants' SMF ¶ 39.

Additionally, Clark was escorted to the G-block holding cell by Lieutenants Fleming and Galletta and Senior Officer Kulago and the undisputed record establishes that Lieutenant Galletta did not observe any threats or abusive behavior directed at Clark during his move to G-block. Id. ¶¶ 28-29.  After arriving at the G-block cell, Clark was medically assessed and it was noted in his medical record that he complained of right arm pain due to his assault upon Toney, but did not complain of right arm pain due to the use of force utilized to move him to G-block. Id. ¶¶ 30-32. Thus, Clark's medical records prepared on June 25 and 29, 2009, support Clark's admission that his injury occurred when he assaulted Toney. Defendants' Id. ¶¶ 31-32, 39, 43.

The undisputed record demonstrates that Clark's allegations regarding Defendants Kulago and Galletta are simply not true.  The best evidence of that is Clark's own admission captured on camera. Id. ¶ 39. Further, it does not appear that Clark even drafted his own complaint because it was submitted by another inmate, Derrick Brown, who is restricted from filing civil complaints under the provisions of 28 C.F.R. § 1915(g).[4]  Therefore, summary judgment should be granted in favor of Defendants Fleming, Kulago, and Galletta with regard to Clark's excessive use of force claim.

### C.   Likewise, Clark's deliberate indifference to medical care claim fails.

Clark alleges that Defendant Galletta denied him medical treatment for his broken arm until June 29, 2009.  Complaint (Doc. 1) at 2(b). However, Clark's medical records demonstrate he was treated immediately after he was removed from the cell following the assault upon Toney and several times thereafter for his broken arm.  Defendants' SMF ¶¶ 30-32, 37-39, 42-44, 46-57.  The only time Clark was not treated after he assaulted Toney is when he refused medical treatment. Id. ¶ 41.

To establish an Eighth Amendment claim regarding medical care, an inmate must establish that prison employees were deliberately indifferent to a serious

---

[4] The letter and return envelope attached to Clark's complaint support that it was written and mailed by inmate Derrick Brown.  Complaint (Doc. 1).

medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999). Therefore Clark must satisfy two requirements. First he must show he had a serious medical need. <u>Monmouth County Corr. Inst. Inmates</u>, 834 F.2d at 346-47.

Second, he must establish a subjective element that a particular defendant was "deliberately indifferent" to his serious medical need. <u>Estelle</u>, 429 U.S. at 106. To meet this standard an inmate must show that a prison employee both knew of <u>and</u> disregarded an excessive risk to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294, 299 (1991). The defendant must be "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw the inference." <u>Farmer</u>, 511 U.S. at 837. Therefore, a complaint that a doctor "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 106.

Accordingly, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. Because only egregious acts or omissions can violate the Eighth Amendment, negligence, medical malpractice, or disagreements over a prison physician's medical judgment are insufficient to support an Eighth Amendment claim. <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993);

White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. Estelle, 429 U.S. at 105-106; Whitley v. Albers, 475 U.S. 312, 319 (1986)("[i]t is obduracy and wantonness, not inadvertence or error in good faith," that violates the Eighth Amendment "in supplying medical needs.").

Additionally, if there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming County, 912 F.Supp. 809, 815 (M.D. Pa.), aff'd,101 F.3d 691 (3d Cir. 1996). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desires. Farmer, 685 F.Supp. at 1339.

In this case, none of the named Defendants are medical providers and Clark only alleges Defendant Galletta, who is not a medical provider, failed to provide him with any medical care until June 29, 2009. However, the undisputed record demonstrates Clark was medically evaluated several times on June 25, 2009. Id. ¶¶ 31-32, 37-39. On one occasion that day, however, he refused medical treatment. Id. ¶ 41. Additionally, Clark was medically treated on June 29, 2009, June 30, 2009, and July 2, 2009 for his broken arm. Id. ¶¶ 42-55. At best, Clark may argue he disagrees

27

with the medical care he received, but that is not an Eighth Amendment violation.

Accordingly, the undisputed record establishes Clark was treated on June 25, 2009

and thereafter for his broken arm; thus, his claim for deliberate indifference must fail.

### D. **Alternatively, Defendants are entitled to qualified immunity.**

If this Court were to determine that any of the Defendants violated Clark's

Eighth Amendment rights, which Defendants dispute, then judgment should still be

entered for such Defendants because the record reveals that Defendants' conduct on

June 25, 2009 was lawful.

The Supreme Court has held that federal executive officials, other than those

performing adjudicatory or prosecutorial functions, are entitled to qualified good faith

immunity. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Once an individual raises

qualified immunity in a Bivens action, the plaintiff cannot maintain the action against

the federal official in his or her individual capacity unless the plaintiff can show that

the defendant violated a clearly established constitutional right. Siegart v. Gilley, 500

U.S. 226, 232-33 (1991). This inquiry focuses on whether a reasonable official

would have found the defendant's conduct to be illegal. Abdul-Akbar v. Watson, 4

F.3d 195, 205 (3d Cir. 1993).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court reiterated the

two-step qualified immunity inquiry. Id. at 200. First, in deciding whether a

defendant is protected by qualified immunity, the court must determine whether, "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the officer's conduct violated a constitutional right." Id. Second, the court must determine whether the right violated was clearly established in a "particularized . . . sense: . . . the relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. Recently the Supreme Court held that district courts no longer have to find a violation of a constitutional right first, but rather can find a defendant enjoys qualified immunity by determining the defendant's conduct was lawful. Pearson v. Callahan, 129 S. Ct. 809, 818 (2009).

Qualified immunity provides "ample room for mistaken judgments" and protects all government officials except "the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Thus, officials are immune from claims for damages "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). See also Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (describing qualified immunity as "accommodation for reasonable error"). The test, moreover, is whether reasonable officials, not judges or constitutional scholars, could have thought the defendant's

conduct permissible under the Constitution.  See Wilson v. Layne, 526 U.S. 603, 618 (1999).  "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate."  Saucier, 533 U.S. at 202.

As previously discussed, none of the Defendants violated Clark's Eighth Amendment rights.  However, if this Court were to determine otherwise, the record demonstrates that Defendants' conduct on June 25, 2009 was lawful and not in violation of the Eighth Amendment.  Indeed, the actions taken by all the Defendants were reasonable and in accordance with BOP regulations and policies.

## 1.   **Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, and Lentini.**

Clark's complaint does not contain any specific allegations against Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, and Lentini.  Therefore, it defies logic how Clark can establish any of their conduct was clearly unlawful.  Accordingly, Defendants Lappin, Dodrill, Bledsoe, Maiorana, Rear, Passaniti, Snider, Fosnot, Brewer, Hendrickson, and Lentini are entitled to qualified immunity and should be dismissed from this action.

## 2.   **Lieutenant Stuart**

The record demonstrates that Defendant Stuart's actions in this case were

reasonable. Clark merely states, "Lt. Stewart (sic) took pictures of my swolen (sic) right arm from my wrist bone on up to near my elbow." Complaint (Doc. 1) at 2(b). Taking Clark's only reference to Defendant Stuart as true, Defendant Stuart is entitled to qualified immunity because no reasonable official could find Defendant Stuart's actions to be illegal, or even unreasonable.

### 3.    Senior Officer Jason Carpenter

The record demonstrates that Defendant Carpenter's actions in this case were reasonable. As previously discussed Defendant Carpenter did not have any involvement in determining which cell Clark would be housed and there is no evidence that Defendant Carpenter subjected Clark to a substantial risk of serious harm; therefore, Defendant Carpenter is entitled to qualified immunity because no reasonable official could find Defendant Carpenter's actions to be illegal, or even unreasonable.

### 4.    Lieutenant Fleming, Senior Officer George Kulago, Jr., and Unit Team Manager Galletta

The record demonstrates that the actions of Defendants Fleming, Kulago, and Galletta were reasonable. Specifically, these Defendants were responsible for escorting Clark to the G-block holding cell following his attack upon Toney. Defendants' SMF ¶ 28. Once Clark was a the holding cell he was medically

evaluated and he admitted his right arm hurt from the incident with Toney. Id. ¶¶ 30-31. When Clark became disruptive in the holding cell on June 25, 2009, another use of force team was assembled and on film Clark admitted he injured is right arm during the attack upon Toney. Id. ¶¶ 34-39. There is no evidence that Clark's right arm was broken during a use of force or by these Defendants. Therefore, Defendants Fleming, Kulago, and Galletta are entitled to qualified immunity because no reasonable official could find their actions to be illegal, or even unreasonable.

## VI. Conclusion

For the reasons noted above, Defendants respectfully request that the Court grant their motion to dismiss and for summary judgment.

Respectfully submitted

DENNIS C. PFANNENSCHMIDT
United States Attorney

Date: May 26, 2010

s/ Melissa A. Swauger
MELISSA A. SWAUGER
Assistant U.S. Attorney
Attorney I.D. No. PA82382
JOANNE M. HOFFMAN
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA  17108-1754
Phone: (717) 221-4482
Facsimile: (717) 221-2246

32

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY S. CLARK,** | : | **NO. 3:CV-10-0026** |
| **Plaintiff** | : | |
| | : | **(Caputo, J.)** |
| **v.** | : | |
| | : | |
| **LT. J. FLEMING, et al.** | : | |
| **Defendants** | : | **Filed Electronically** |

<u>**CERTIFICATE OF SERVICE BY MAIL**</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 26, 2010, she served a copy of the attached

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION**
**TO DISMISS AND FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Jeffrey Clark
19776-045
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837                    /s/ Joanne M. Hoffman
                                        JOANNE M. HOFFMAN
                                        Paralegal Specialist

33