**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY CLARK,** | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-10-0026 |
| v. | : |
| | : (Judge Caputo) |
| **LT. J. FLEMING,** *et al.*, | : |
| Defendants | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

In his Complaint, Jeffrey Clark, an inmate at the Lewisburg United States Penitentiary (USP-Lewisburg), in Lewisburg, Pennsylvania, claim he was assaulted by various Bureau of Prisons (BOP) staff members on June 25, 2009. Doc. 1, Compl. After the assault, defendants allegedly denied him medical treatment and placed him in four point restraints. Four days later when seen my medical staff, it was learned that Mr. Clark's arm was broken. *Id*. Procedurally, defendants have filed a motion to dismiss, or in the alternative, motion for summary judgment which is fully briefed and ripe for disposition at the convenience of the Court.

Presently before the Court is Mr. Clark's Second Motion for Appointment of Counsel (doc. 43).[1] The motion is one paragraph long and is based strictly on Plaintiff's indigent status. *Id*. For the reasons that follow, Mr. Clark's motion will be

---

[1] The Court denied Mr. Clark's first motion for appointment of counsel on January 26, 2010. *See* Doc. 9.

denied without prejudice.

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  However, pursuant to 28 U.S.C. § 1915(e)(1), the court has discretion to seek representation for a plaintiff.  This effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).  The threshold issue is whether the plaintiff's claim has arguable merit in fact and law.  *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

Plaintiff fails to meet this threshold condition.  Aside from citing his indigent status, Mr. Clark fails to allude to any other basis for granting his request for counsel.  This reason alone is not sufficient to appoint counsel.

**AND NOW**, this **14th** day of **FEBRUARY, 2011**, it is ordered that Plaintiff's Second Motion for Appointment of Counsel (doc. 43) is denied.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**