**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY CLARK,** | : |
| | : |
| **Plaintiff** | : |
| | : CIVIL NO. 3:CV-10-0026 |
| v. | : |
| | : (Judge Caputo) |
| **LT. J. FLEMING,** *et al.*, | : |
| | : |
| **Defendants** | : |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Jeffrey Clark's third motion for appointment of counsel (doc. 51) in this matter. In his Complaint, Mr. Clark, an inmate formerly confined at the Lewisburg United States Penitentiary (USP-Lewisburg), in Lewisburg, Pennsylvania, claim he was assaulted by various Bureau of Prisons (BOP) staff members on June 25, 2009. Doc. 1, Compl.[1] As of March 9, 2011, the sole remaining claim in this case is Clark's Eight Amendment excessive use of force claim against Defendants Kulago and Fleming, all other defendants and claims have been dismissed. *See* Doc. 48. Presently before the Court is Mr. Clark's Third Motion for Appointment of Counsel (doc. 51).[2] The present one paragraph motion is

---

[1] Mr. Clark is was recently transferred to the United States Penitentiary in Terre Haute, Indiana (USP-Terre Haute). *See* Doc. 48, Notice of Change of Address.

[2] The Court denied Mr. Clark's first motion for appointment of counsel on January 26, 2010. *See* Doc. 9. His second motion for counsel was dismissed on February 14, 2011. *See* Doc. 46.

based on Clark's transfer to USP-Terre Haute. *Id*. He claims he is being moved to a more secure facility where he will have less access to legal materials than during his USP-Lewisburg Special Management Unit (SMU) placement. *Id*. He claims his transfer will be a "challenge" to his legal efforts when seeking discovery from defendants. *Id*. For the reasons that follow, Mr. Clark's motion will be denied without prejudice.

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, pursuant to 28 U.S.C. § 1915(e)(1), the court has discretion to seek representation for a plaintiff. This effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The threshold issue is whether the plaintiff's claim has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

Plaintiff fails to meet this threshold condition. Plaintiff's concerns as to his lack of access to legal materials at his new facility are speculative in nature, as are his concerns as to the "challenge" he will face conducting discovery from afar. To date Clark has not demonstrated an impediment to legal materials, or difficulty communicating in writing to the Court. He has not missed any filing deadlines to date and has only recently been transferred to USP-Terre Haute. He has not

explained why, or demonstrated, that he will be unable to conduct discovery from his new location.  He does not explain how the transfer will impact his ability to serve defense counsel, who was never housed at USP-Lewisburg, with discovery materials or other correspondence.  Clearly Mr. Clark need not be present at the same facility as defendants to forward interrogatories, requests for production of documents, or requests for admissions to their legal representative.  The reasons cited by Mr. Clark in his most recent motion are insufficient warrant the appointment of counsel at this time.

**AND NOW,** this  18th  day of APRIL, 2011, it is ordered that Plaintiff's Third Motion for Appointment of Counsel (doc. 51) is denied.

/s/ A. Richard Caputo  
**A. RICHARD CAPUTO**  
**United States District Judge**